**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| CRYSTAL MARTIN,<br>        Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br>        Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-01115 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Crystal Martin                                                      .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                      ,

as N/A                              of the estate of N/A                          , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                      .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                      .

**Defendant(s)**

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

     X   Novo Nordisk Inc.

     X   Novo Nordisk A/S

         Eli Lilly and Company

         Lilly USA, LLC

         other(s) (identify): _____

**JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a

Decedent, Decedent's last permanent residence):

The Villages, Florida

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Florida

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA

Product(s) at issue:

Florida

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

The Villages, Florida

10.     Jurisdiction is based on:

__X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form

Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Middle District of Florida

12.     Venue is proper in the District Court identified in Paragraph 11 because:

__X__   a substantial part of the events and omissions giving rise to Plaintiff(s)'

        claims occurred there

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A_____

## **PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

            _____     Ozempic (semaglutide)

            _X_     Wegovy (semaglutide)

            _____     Rybelsus (oral semaglutide)

            _____     Victoza (liraglutide)

            _____     Saxenda (liraglutide)

            _____     Trulicity (dulaglutide)

            _____     Mounjaro (tirzepatide)

            _____     Zepbound (tirzepatide)

            _____     Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

            Plaintiff used the Wegovy from approximately November of 2023 to approximately July of 2024.

            _____

            _____

            _____

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

__X__ Other gastro-intestinal injuries (specify) Impairment of Gastric Emptying with Symptoms_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify)

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Plaintiff's injuries occurred from approximately January of 2024 to approximately April of 2024.

Plaintiff further contends ongoing complications related to the underlying injuries and hereby

does not waive any future complications.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s),

Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental

anguish, and the following damages (check all that apply):

    __X__   Injury to self

    _____   Injury to person represented

    __X__   Economic loss

    _____   Wrongful death

    _____   Survivorship

    _____   Loss of services

    _____   Loss of consortium

    _____   other(s) (specify): _____

## CAUSES OF ACTION

19.   In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    __X__   Count I:   Failure to Warn – Negligence

    __X__   Count II:   Failure to Warn – Strict Liability

    __X__   Count III:   Breach of Express Warranty/Failure to Conform to Representations

    __X__   Count IV:   Breach of Implied Warranty

    __X__   Count V:   Fraudulent Concealment/Fraud by Omission

    __X__   Count VI:   Fraudulent/Intentional Misrepresentation

    __X__   Count VII:   Negligent Misrepresentation/Marketing

    __X__   Count VIII:   Strict Product Liability Misrepresentation/Marketing

    __X__   Count IX:   Innocent Misrepresentation/Marketing

    _____   Count X:   Unfair Trade Practices/Consumer Protection (see below)

    __X__   Count XI:   Negligence

6

  X    Count XII:  Negligent Undertaking

_____   Count XIII: State Product Liability Act (see below)

_____   Count XIV: Wrongful Death

_____   Count XV:  Loss of Consortium

_____   Count XVI: Survival Action

_____   Other(s) (specify, and on separate pages, plead additional facts supporting

any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

     a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

     N/A _____

     _____

     _____

     b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

     N/A _____

     _____

     _____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one**

*opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

        a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

           is/are bringing such claims:

           N/A

        b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

           failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

           N/A

        c.  Identify the factual allegations supporting those claims:

           N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? <u>N/A</u>.  If so, attach such notice.

## **<u>RELIEF</u>**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages,

punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the

Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any

additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: February 20, 2026

By:

W. Cameron Stephenson

FL Bar No. 51599

Levin, Papantonio, Proctor, Buchanan, O'Brien,

Barr & Mougey, P.A.

316 South Baylen Street, Suite 600

Pensacola, FL 32502

cstephenson@levinlaw.com

+1(850) 435-7000

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).